In re Estate of Frank Halaska, Deceased.
Terezie Halaska, Appellee, v. Lillian Vnoucek, Appellant.

Gen. No. 41,306.

Opinion filed November 20, 1940.

JOHN E. TAYLOR and EMMETT M. MCDONALD, both of Chicago, for appellant.

HARRY J. GUYON, WILLIAM J. KAFKA and JOHN T. MURRAY, all of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Frank Halaska died testate December 8, 1938, leaving him surviving Terezie, his widow, John, Anton and Rose Halaska and Lillian Vnoucek, his children by a former marriage, all of age, and four minor grandchildren, children of Anna Kofron, his deceased daughter by his former marriage. During his lifetime he conveyed one-half of his real estate to his wife, Terezie. His will, dated December 21, 1931, after providing for payment of debts, funeral expenses and care of his grave, bequeathed $200 each to his daughters, Rose Halaska and Lillian Vnoucek, then stated that inasmuch as he had theretofore given his wife one-half of his real estate he bequeathed her $100, the remainder of all of his property to go to his children, share and share alike, the grandchildren to take their deceased mother's share. She was his third wife. She married him 28 years before his death and lived with him continuously until his death. The widow renounced the will. At the time of his death he owned real estate located at 2416 South Avers avenue, Chicago, and three savings accounts in the Lawndale National Bank of Chicago, which bank is executor under the will. One account was in his name alone, and the balance on deposit, $1,320, was inventoried by the executor of the estate. The disposition of the funds represented by the other two accounts is discussed in our opinion, *In re Estate of Halaska,* 307 Ill. App. 183. Prior to his death, Frank Halaska had $2,000 in cash in a safety vault in the Lawndale Bank, which vault was rented by him and his daughter, Lillian Vnoucek and to which they alone had access. On March 11, 1940, the widow, Terezie Halaska, filed a petition in the probate court of Cook county and therein represented that at the time of his death Frank Halaska had in his possession in a safe-deposit box the sum of approximately $2,300; that Lillian Vnoucek, his

daughter, had access to the box; that on the day of his death, December 8, 1938, Lillian "entered" the box at the Lawndale Bank and withdrew therefrom approximately $2,300 in cash, which was then the property of Frank. Halaska. The petition prayed for the issuance of a citation to discover assets directed to Lillian Vnoucek. Lillian Vnoucek filed a sworn answer wherein she admitted that at the time of the death of her father he had in his name a certain safe-deposit box in the Lawndale Bank. The second paragraph of the answer denied that "on the 9th day [sic] of December, 1938, the date of the death of the above named deceased, said deceased had in said safe deposit box the sum of approximately $2,300, or any other sum." The third and fourth paragraphs read:

"Respondent states that during the lifetime of said deceased on, to-wit, December 8th, 1938, said deceased gave to this respondent the sum of $2,000 and directed this respondent to proceed to the Lawndale National Bank of Chicago and withdraw the cash contained in a safe deposit box in said bank, that this respondent is the daughter of the above named deceased and that deceased directed this respondent to withdraw said money and divide it equally with the other children of said deceased, brothers and sisters of this respondent, which he therein named.

"Respondent denies that she has in her possession, or ever has had in her possession, any cash belonging to the estate of the above named deceased, or any money or other property which she should by law deliver up to the executor of the above entitled estate." On November 24, 1939, the probate court found that Lillian Vnoucek "has in her possession the sum of $2,000, in currency of the United States of America, which the court has found to be the property of the above named deceased." The court also found that Lillian "had in her possession the sum of $200 in currency of the United States of America, which the court

found to be the property of the above named deceased, and that the said Lillian Vnoucek paid out of said sum of $200 the sum of $84.25 for expenses in connection with the last illness of the above named deceased, and that she now has in her possession the sum of $2,115.75, which the court finds is the property of the above estate.'' The probate court then ordered Lillian to deliver to the Lawndale Bank, executor of the estate, ''the said sum of $2,115.75, which she now has in her possession and which is the property of the above estate.'' Lillian appealed to the circuit court of Cook county. By arrangement between the parties and with the approval of the court, the sum of $2,115.75 was deposited with the Lawndale Bank to be held pending the disposition of the case. The circuit court also found that Lillian had in her possession the sum of $2,115.75, which was the property of the estate, and directed the Lawndale Bank to pay such sum to itself as executor of the estate of Frank Halaska, deceased. Lillian prosecutes this appeal to review the order of the circuit court of Cook county.

The parties are in agreement that in citation proceedings under the Administration Act, respondent is required to appear and may be examined by the court. The proceeding under section 81 of the Administration Act (par. 82, ch. 3, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 110.082]) is not a suit, nor is the executor necessarily a party. The information referred to in the section may be given to the court by an heir, legatee, devisee, administrator, creditor, or by any interested person. The section provides that ''the court shall require such person to appear before it by citation, and may examine him on oath.'' It is discretionary with the court whether the party alleged to have property belonging to the estate shall be examined under oath, but it is the court which calls him by citation and is to examine him, which of course the court may do by attorneys. (*Merchants' Loan & Trust Co. v. Egan,*

222 Ill. 494; *Wilson v. Prochnow,* 359 Ill. 148; *Merchants' Loan & Trust Co. v. Egan,* 143 Ill. App. 572.) Section 82 of the act (par. 83, ch. 3, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 110.083]) provides that if a party cited refuses to testify if ordered to do so by the court, he may be committed to jail until he complies with the order. In this case it will be observed that the petition was filed by the widow and not by the executor. At the hearing under the citation proceeding, counsel for the widow suggested that the court examine Lillian Vnoucek. In a colloquy between counsel the attorney for Lillian stated that he had intended to amend her answer filed in the probate court, by striking out paragraph 3. Attorney for the widow objected, stating that Lillian was attempting to change the position that she took in the probate court. This attorney stated that in the probate court, Lillian, by her attorney, "pleaded a gift." Counsel for Lillian then stated that in the probate court the testimony as to a gift was excluded on objection of the attorney for the widow, and that "we are here to prove that," and further stated, "we are not changing our position. We claim we had no property belonging to the deceased. We claim it was a gift from the deceased." Counsel for Lillian also stated that "we have no objection to her testifying, but as I understand the statute provides that when a respondent is cited in the Probate Court it is always discretionary with the court whether or not she be allowed to testify. If Mr. Guyon [attorney for appellee] is calling her will the record show that the court is exercising its discretion in allowing her to testify? We could not put the respondent on the stand ourselves for any purpose without the consent of the court." The transcript of the testimony shows that the court stated, "I will examine her." However, the record also shows that "Lillian Vnoucek called as a witness on her own behalf, being first duly sworn, was examined by the court . . . ." Al-

though the record so shows, it is apparent that Lillian was not called as a witness on her own behalf. She was responding to a citation. In response to questions by the court she answered that between 10 and 10:30 on the morning of December 8, 1938, she went to the box in her father's name at the Lawndale Bank; that she had a key to the box; that she took therefrom the sum of $2,000; that her father put the money in the box; that she was not present when it was placed there; that she was not living at her father's home at the time; that her father was living with his wife; that the box was rented by her father and herself; that she did not have possession of the key prior to December 8, 1938; that on December 8, 1938, she obtained the key from a box on the window sill at her father's bedside; that her father was sick; that after she removed the money from the safe deposit box at the bank she placed it in another box in the same bank in the name of herself and her husband; that her father was removed to a hospital; that she visited him at the hospital where he died at 6:45 in the evening. She further testified that on the morning of December 8, 1938, before she went to the bank, at her father's direction she searched for and found the sum of $200 in his vest under some old clothing in the closet; that this $200 was not her money; that out of this $200, $84.25 was expended for services rendered in connection with the last illness of her father, leaving a balance of $115.75. Counsel for Lillian requested that she be allowed to relate a conversation between herself and her brothers and sisters which occurred during the lifetime of her father at the hospital in the presence of Terezie Halaska, and stated, ''we offer to prove all these conversations for the purpose of the record.'' He did not, however, make any offer of proof and the record is silent as to what he expected to establish.

Section 2 of the Evidence Act provides:

"No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of any idiot, habitual drunkard, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending, and also except in the following cases, namely: . . . ." The trial court took the position that Lillian was not called as a witness by any adverse party, but was called by the court, and that hence she could not testify in her own behalf. The questions put to her by the court were limited and did not call for a disclosure of conversations. As announced in *Merchants' Loan & Trust Co. v. Egan,* 222 Ill. 494, a person may be called as a witness and interrogated as to certain subjects without making him a witness as to all questions. It is clear that there is nothing in the record which shows a gift *inter vivos.* This is conceded by appellant, who in her reply brief states: "Respondent does not contend that the evidence shows a completed gift of this money to her and to her brothers. She does contend that either she and her brothers be allowed to testify concerning the gift, or that she be not required to testify at all." Appellant insists that the court "by requiring respondent to testify and then sustaining petitioner's objection to such parts of her testimony as were unfavorable to petitioner, obtained a result manifestly contrary to the intention of the decedent." Appellant argues that the court erred in requiring her to testify for the petitioner and then excluding such portions of her testimony as were unfavorable to the petitioner. In determining whether the trial judge abused his discretion in requiring Lillian to testify and at the same time

excluding her testimony as to conversations, it is well to remember that in the sworn answer filed by Lillian in the probate court, she admits that on December 8, 1938, her father gave to her the sum of $2,000, which was then in a safe-deposit box at the bank, and that her father directed her to withdraw the money and divide it equally with his other children. In the answer she denied that she ever had in her possession any cash belonging to the estate of her father. This, however, was a mere conclusion. From a reading of the petition and the answer, we conclude that it was unnecessary to examine Lillian under oath in order to establish the right of the executor to the $2,000. Nor was it necessary to examine her as to the whereabouts of the $2,000, or the additional sum of $115.75, as such sum had already been delivered to the bank to be held by it until the case should be disposed of.

We are satisfied that the trial judge did not abuse his discretion in requiring Lillian to testify, and that the order of the circuit court of Cook county of February 21, 1940, should be and it is affirmed.

*Order affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.