**In re Estate of Frank Halaska, Deceased.
Terezie Halaska, Appellee, v. Lillian Vnoucek, Appellant.**

**Gen. No. 41,307.**

184

Opinion filed November 20, 1940.

JOHN E. TAYLOR and EMMETT M. McDONALD, both of Chicago, for appellant.

HARRY J. GUYON, WILLIAM J. KAFKA and JOHN T. MURRAY, all of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Frank Halaska died testate December 8, 1938, leaving him surviving Terezie, his widow, John, Anton and Rose Halaska and Lillian Vnoucek, his children by a former marriage, all of age, and four minor grandchildren, children of Anna Kofron, his deceased daughter by his former marriage. During his lifetime he conveyed one-half of his real estate to his wife, Terezie. His will, dated December 21, 1931, after providing for payment of debts, funeral expenses and care of his grave, bequeathed $200 each to his daughters, Rose Halaska and Lillian Vnoucek, then stated that inasmuch as he had theretofore given his wife one-half of his real estate, he bequeathed her $100, the remainder of all his property to go to his children, share and share alike, the grandchildren to take their deceased mother's share. The widow renounced the will. At his death he owned real estate located at 2416 South Avers avenue, Chicago, and three savings accounts in the Lawndale National Bank

of Chicago, which is executor under the will. One account was in his name alone and the balance on deposit, $1,320, was inventoried by the executor of the estate. The other two accounts, Nos. 9,666 and 57,096, were in the names of himself and his wife, so that either could withdraw funds without the signature of the other. Passbooks evidencing these accounts were kept by him in a safe-deposit vault in the same bank, to which vault his wife did not have access. The contract with the bank relating to the two joint accounts was signed by the deceased and his wife on July 15, 1916, and reads as follows:

"It is hereby expressly agreed with the Lawndale National Bank that all moneys deposited with said bank by either or both of the undersigned, shall be placed by said bank to the credit of us jointly, and may be withdrawn from, or paid out by said bank, upon request or order of *both* or *either* of us. And it is further agreed that upon the death of either of us, the survivor shall have the absolute right to withdraw or be paid all moneys *not then* withdrawn." On July 27, 1939, the widow petitioned for an order on the bank, as executor, to turn over and deliver to her the passbooks bearing Nos. 9,666 and 57,096 and the funds represented thereby, claiming by right of survivorship. The probate court found for the petitioner and directed the executor to deliver the passbooks and the funds to the widow. Lillian Vnoucek perfected an appeal to the circuit court of Cook county as to that part of the claim represented by deposit book No. 9,666. For reasons best known to the parties, the funds represented by deposit book No. 57,096 were delivered to the widow and no appeal was prayed from the ruling of the probate court as to that account. The circuit court found that the account bearing No. 9,666 was a joint account with the right of survivorship, and that the widow being the surviving joint owner, was entitled to the bankbook and the funds in said account, and ordered the

executor to deliver to the widow the bankbook and the funds represented thereby, which amounted to $1,208.57. This appeal is prosecuted to review the order of the circuit court.

Appellant states that the only question presented is on the construction of the contract. The widow claims to be entitled to the entire balance on deposit. Appellant's theory is that the contract did not create a joint tenancy in the funds on deposit and maintains that joint tenancies with right of survivorship in personal property were abolished by statute in 1821. In 1917, the legislature passed an act which provided that if the survivor of a joint account was paid the money on deposit by the bank after the death of the other codepositor, the bank should be discharged as to all liability upon the account upon obtaining the receipt of the withdrawing depositor, providing that the original deposit agreement with the bank provided therefor. However, the deposit in the instant case was made on July 15, 1916, and is not affected by the Act of 1917. The widow insists that the right of joint tenancy in personal property, including bank accounts, with full right of survivorship, was creatable by contract prior to the act of 1917. The contention of the widow is supported by the authorities. In *Reder v. Reder,* 228 Ill. App. 21, p. 26, this court said: "No other conclusion can be reached, therefore, than that the laws of this State have always permitted a joint tenancy in personal property with the common-law incident of survivorship if there was an apt agreement therefor. Interpreted by these decisions the act of 1821 merely converted all joint tenancies, after the death of one of the joint tenants, into tenancies in common *unless a contrary intention was expressed.*" This opinion was affirmed by our Supreme Court in *Reder v. Reder,* 312 Ill. 209. To the same effect is *Illinois Trust & Savings Bank v. VanVlack,* 310 Ill. 185.

Counsel also argues that since the passbook was in the exclusive possession of deceased, no title to any

part of the funds ever passed to Terezie Halaska. This proposition was decided adversely to the contention of appellant in the case of *Illinois Trust & Savings Bank v. VanVlack,* 310 Ill. 185, 191 where the court said: "The mere fact of the retention of the passbook by one of the two owners of the deposit is of no importance. If the contract entered into by the two persons concerned with the bank was effectual, as was held to be the case in *Erwin v. Felter,* [283 Ill. 36] each of the owners of the deposit had an equal right to possession of the book, and its possession by either did not affect the right of the other. Both could not have actual manual possession of it all the time. The possession of either was for the benefit of both and was not inconsistent with the contract."

We are of the opinion that the contract in the instant case was effectual to create a joint tenancy account with full right of survivorship, and that even prior to the Act of 1917 the law of this State permitted a joint tenancy in personal property with the common law incident of survivorship if there was an apt agreement therefor. For the reasons stated, the order of the circuit court of Cook county of February 21, 1940, is affirmed.

*Order affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.