2 Ill. App.3d 924 (1971)
274 N.E.2d 127
CHARLES DE GROOT et al., Plaintiffs-Appellees,
v.
LOUIS KOHR et al., Defendants-Appellants.
No. 70-162.
Illinois Appellate Court  Third District.
October 5, 1971.
*925 Anthony C. Raccuglia, of La Salle, for appellants.
Fremont Kaufman, of La Salle, for appellees.
Decree affirmed.
Mr. JUSTICE STOUDER delivered the opinion of the court:
George De Groot, the owner at the time, of the premises involved in this appeal, died testate in 1930. His will duly admitted to probate in La Salle County, included the following provision, "I give and devise to my wife, the real estate described as follows * * * to have and to hold and enjoy during her lifetime with power to sell and dispose of the same at her pleasure and discretion as she may think necessary, provided, however, that in case she should elect to sell the same, then, in that event, she shall pay out of the purchase money realized from the sale of the aforesaid described premises, the sum of One Thousand Dollars ($1,000.00) to each of the following children of myself, and my wife, namely: Charles De Groot, Adeline De Groot, Georgenette De Groot, and Louis Kohr, and provided further, that there shall be no liability on the part of purchaser to see to the application of the purchase money.". The same four persons designated as recipients of the $1,000 payments were also the residuary beneficiaries in the will. Each of the four mentioned persons survived George De Groot as did his widow Anna De Groot.
On December 7, 1963, Anna De Groot executed a quitclaim deed conveying the premises described in clause two of George De Groot's will to Louis Kohr, one of the remaindermen under the will of George De Groot. The deed recited a consideration of one dollar and further provided that the grantor Anna De Groot reserve the possession and income from the premises for and during her natural life. The deed was duly recorded.
On February 17, 1969, Anna De Groot died and Louis Kohr and his wife took possession of the premises. Thereafter Charles De Groot, Adeline Capello and Georgenette Haupt, three of the beneficiaries described in clause two of George De Groot's will, brought this action for partition against Louis Kohr, the fourth beneficiary and grantee in the quitclaim deed, such action praying that the quitclaim deed be set aside and further that partition be decreed on the basis that each of the plaintiffs and the defendant were respectively the owners of an undivided one-fourth interest in the premises. The three plaintiffs were children of George De Groot by a previous marriage and the defendant Louis Kohr was the son of Anna De Groot by a previous marriage.
The trial court set aside the quitclaim deed and decreed partition in accord with the prayer of the plaintiffs. It is from such decree that defendant Louis Kohr has appealed.
*926 It is defendant's theory in support of his claim that the decree of the trial court is erroneous, that Anna De Groot duly exercised her power of sale granted by the will of George De Groot and that whatever claim plaintiffs may have is a claim against the estate of Anna De Groot. The only authorities cited by defendant in support of his theory are Hollerich v. Gronbach, 342 Ill. App. 242, 96 N.E.2d 354 and Nielson v. Duybejonsonck, 94 Ill. App.2d 224, 236 N.E.2d 743. However we do not believe that either of such cases is relevant to the issue on this appeal since in neither of the cases is the propriety of the exercise of the power granted by the will or the transfer pursuant to such authority an issue. In each case it is assumed that the power of sale was properly exercised, that the sale was bona fide and that it was for an adequate consideration. Such assumptions are contrary to the essential facts of the case at bar.
The principal evidence regarding the execution and delivery of the quitclaim deed was that of Louis Kohr and Anthony Raccuglia, his attorney.
According to the testimony of Raccuglia he was asked to prepare the quitclaim deed by Louis Kohr and accompanied Louis to have the same signed by Anna De Groot in order that he Anthony Racuglia could notarize the document. At the time the deed was signed Raccuglia testified that Kohr turned over $2,500 to Anna De Groot. According to Raccuglia at the time of the preparation and execution of the quitclaim deed he had no knowledge of George De Groot's will, the power of sale, Anna De Groot's interest in the property nor did he have any knowledge concerning the purpose or intent of the transaction. His testimony in no way indicates that a sale of the premises was proposed, intended or attempted.
The testimony of Louis Kohr likewise fails to support any inference that the execution and delivery of the quitclaim deed reserving a life estate in Anna De Groot, was intended as a sale, that the $2,500 was the consideration for the transfer of the property or that such an amount would have been an adequate consideration for the transfer. According to Kohr his mother was unable to take care of the property and she wanted him to have it. It also appears from Kohr's testimony that prior to the transfer he had been paying his mother about $15.00 every two weeks for her support and that after the payment of $2,500 he no longer made any payments therefore. Additionally Anna De Groot received rent from the tavern located on the first floor of the premises while she lived on the second floor. Repairs and maintenance on the premises were minimal during the period 1963 to 1969 and it appears that the premises were worth approximately $17,000 in 1969.
From the foregoing facts which are substantially undisputed it is our conclusion that the trial court properly determined there had been no *927 proper exercise of the power of sale contained in the will. As observed in Cales v. Dressler, 315 Ill. 142, 146 N.E. 162, "The power of sale conferred excludes a conveyance by her for the sole purpose of cutting off the remainder and making it possible that the property pass under her will. To sustain a conveyance for such a purpose would permit a mere subterfuge to defeat the testator's intention.".
Bevans v. Murry, 251 Ill. 603, 96 N.E. 546, illustrates the differences in legal remedies available where there has been a bona fide sale for an adequate consideration under a power of sale and where the transfer has been made without consideration. As indicated in the Bevans case notwithstanding the broad authority of the possessor of the power of sale to consume the proceeds, such authority with regard to the proceeds did not imply an intention on the part of the testator to authorize disposition or transfer of the property for other than an adequate consideration. (See also Frank v. Frank, 305 Ill. 181, 137 N.E. 151.)
In our opinion the purported transfer of the premises by Anna De Groot is contrary to the intention of the testator. Its only purpose and effect was to deprive the remaindermen of their interest in the property contrary to the authority created by the power of sale.
We find no error in the decree of the circuit court of La Salle County and accordingly said decree is affirmed.
Decree affirmed.
ALLOY, P.J., and SCOTT, J., concur.