LOUISE E. LOMBARDI, Ex'r of the Estate of Edna A. Iser, Deceased, Plaintiff-Appellee, *v.* SHARON K. LEPKOWICZ, Defendant-Appellant.

(No. 60819;

First District (5th Division)—April 25, 1975.

Richard B. Harty, of McGrath & Harty, of Wheaton, and John M. Giltinon, of Chicago, for appellant.

Thomas D. Roti, of Chicago (Andrew D. Jordan, James N. Kosmond, and James W. Collins, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a judgment in favor of plaintiff in which the trial court found that a transfer of $8,000 from the decedent to defendant was a loan—not a gift, as contended by defendant.

Plaintiff filed a complaint at law in the Municipal Department of the Circuit Court, seeking repayment of $8,000, alleging it had been loaned to defendant who, in her answer, admitted receiving the money but asserted that it was a voluntary gift and not a loan. Defendant then moved to have the case transferred to the Probate Division of the Circuit Court, contending the action was in the nature of a citation proceeding, under section 183 of the Probate Act,[1] in which the court would be permitted to call her as a court's witness; whereas, if it were not transferred, the court under the dead man's act[2] might deny her the right to testify that the money had been a gift. There is no order in the record indicating any ruling on this motion. However, in view of the fact that the case was not in fact transferred to the Probate Division, it is assumed that an order denying the motion was entered, which has not been included in the record. In any event, a trial was had, and from the judgment against her defendant appeals, contending the court erred in refusing to allow defendant to testify and in denying defendant's motion for a transfer of the case to the Probate Division.

OPINION

We note at the outset the judgment order recites that it was entered upon evidence and proofs; that testimony was taken and exhibits admitted; and that the court was otherwise fully advised in the premises. We note also that although defendant's appeal is based upon alleged prejudicial errors, the record does not include a report of proceedings; nor, in fact, is there any indication in the record that an offer of proof was made as to her testimony. Thus, we are unable to determine what her testimony might have been. Furthermore, it does not even appear from the record whether the court refused to allow her to testify, as she asserts in her brief.

■■■ A party prosecuting an appeal must furnish the material essential thereto and matters *dehors* the record cannot be considered. (*Perez v.*

---

[1] Ill. Rev. Stat. 1973, ch. 3, par. 183.

[2] Ill. Rev. Stat. 1973, ch. 51, par. 2.

*Janota,* 107 Ill.App.2d 90, 246 N.E.2d 42.) There is a presumption that a judgment order which recites the court held a hearing and was otherwise fully advised in the premises is supported by sufficient evidence, absent any contrary indication in the order or the record. (*Skaggs v. Junis,* 28 Ill.2d 199, 190 N.E.2d 731; *Egebergh v. Schumann,* 20 Ill.App.3d 356, 314 N.E.2d 337.) There being no report of proceedings in the record, we cannot say that the court erred, if in fact it did refuse to allow her to testify, and because there is no contrary indication in the order or in the record, we must assume that there was sufficient evidence to support the judgment of the court.

Although, as we pointed out above, we need not review matters not in the record, we will briefly discuss defendant's contention that the trial court should have transferred the case to the Probate Division, because the action was in the nature of a citation proceeding in which she could have testified, as a court's witness, that the money was a gift rather than a loan. We disagree.

■■ A citation proceeding has two separate and somewhat different, though related, objectives: To obtain the return of personal property belonging to the estate but in the possession of or being concealed by others, or to obtain information needed to recover estate property. (*Keshner v. Keshner,* 376 Ill. 354, 359, 33 N.E.2d 877; *In re Estate of Curley,* 43 Ill.App.2d 389, 391, 193 N.E.2d 607.) If there is no question of title or of the recovery of specific property belonging to the estate, then the citation procedure of Section 183 is not available. (*Johnson v. Nelson,* 341 Ill. 119, 173 N.E. 77; *In re Baker,* 117 Ill.App.2d 332, 253 N.E.2d 550.) The only exception to this rule is where a fiduciary relationship is shown to exist. *In re Baker; In re Estate of La Rue,* 53 Ill.App.2d 467, 203 N.E.2d 47; *In re Estate of Willich,* 338 Ill.App. 289, 87 N.E.2d 327.

■■ Here, it appears that a check for $8,000 was delivered to defendant, and there is no dispute that the title to the money vested in her. Nor is plaintiff seeking the identical currency which was originally transferred. Thus, whether the transaction constituted a gift, as defendant argued, or a debt due the estate, as the court ultimately found, no question of title nor the return of specific personal property is involved. In view thereof, the issues in this case could not have been properly tried under section 183, either by the trial judge treating it as a citation proceeding within his general jurisdiction or by a judge of the Probate Division if the motion to transfer had been granted.

For the reasons stated, the judgment is affirmed.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.