*In re* ESTATE OF EUGENE ARNOLD, Deceased (Carole Jean Gillespie, Petitioner-Appellant and Cross-Appellee, v. Estate of Eugene Arnold, Ruth Arnold, Ex'x, Respondent-Appellee and Cross-Appellant).

Fifth District   No. 5—84—0682

Opinion filed March 24, 1986.

Richard L. Meives, of Vassen, Vetter & Meives, P.C., of Belleville, for appellant.

Louis C. Grossmann, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This action commenced when Eugene Arnold's will was filed for probate in the circuit court of St. Clair County on June 20, 1983, by respondent Ruth Arnold. Carole Jean Gillespie, petitioner, is the daughter of Eugene Arnold from a previous marriage. After a hearing on petitioner's motion to construe, the trial court found that petitioner did not have a present interest in the estate but ordered Ruth Arnold to file an inventory or to present herself for examination under oath as to the assets of the estate. Petitioner appeals. Respondent cross-appeals.

Eugene Arnold and Ruth Arnold, husband and wife, executed a will on April 23, 1981. Ruth had two children from a previous marriage, and Eugene had one child from a previous marriage.

The pertinent provisions of the will are as follows:

"WE, RUTH ARNOLD AND EUGENE ARNOLD, husband

and wife, of Belleville, Illinois, both being of lawful age and of sound mind and memory, do make, publish and declare this to be jointly as well as severally, our Last Will and Testament, hereby revoking all former Wills by us made.

\* \* \*

SECOND: We thereafter desire and direct that all property, both real and personal, of which we are possessed at the time of the decease of either of us, and of whatsoever it may consist and wheresoever it may be found, shall become the sole and exclusive property of the survivor; PROVIDED, HOWEVER, that upon the decease of the said survivor, it is our will that any real or personal property so remaining shall be divided in the following manner:

A one-half (1/2) part thereof to Carole Jean Gillespie, daughter of Eugene Arnold;

A one-fourth (1/4th) part thereof to Robert Lesher, son of Ruth Arnold, and

A one-fourth (1/4th) part thereof to Joan Lee Cresson, daughter of Ruth Arnold,

absolutely.

THIRD: Upon the decease of one of us we agree upon the survivor as Executor to serve without bond; upon the decease of the survivor, we agree herein that Carole Jean Gillespie and Robert H. Lesher, be appointed Co-Executors of this our Last Will and Testament, without bond."

Eugene Arnold died on April 10, 1983, and the will was admitted to probate.

An original inventory was filed June 21, 1983. The original inventory lists two bond for deed contracts and two lots of real estate as being decedent's only property subject to probate. Notice to heirs and legatees was filed on June 30, 1983.

Petitioner, Carole Jean Gillespie, filed a citation petition for discovery on December 16, 1983, praying that the respondent, Ruth Arnold, in her capacity as executrix and in her individual capacity, be cited to appear before the court below and answer questions concerning her knowledge of decedent's property and to produce books and records relating thereto. The plaintiff alleged that Ruth Arnold had knowledge of many bank deposits that belonged to decedent's estate that were withheld from the inventory filed with the court.

Oral argument was heard on April 17, 1984, and an order was issued quashing petitioner's citation and dismissing petitioner's citation petition for discovery. The court ruled that petitioner should first file

a motion to construe the will of the decedent before refiling the citation petition because a determination that decedent's will was a "joint and mutual will" was necessary before petitioner's citation petition could properly lie.

A motion to construe was then filed by petitioner.

A hearing was held on petitioner's motion to construe, and the trial court issued an order on September 24, 1984, finding that clause two of the will is not ambiguous and that movant did not have a present interest. However, the court ordered the executrix to file an inventory or to present herself for examination under oath as to the assets of the estate. Petitioner appeals. Respondent cross-appeals.

Petitioner then filed a motion to strike portions of respondent's brief. The motion was taken with the case and it is denied.

■■ ■ We must initially note that the trial court's findings as to whether the will was a joint will or a joint and mutual will are somewhat ambiguous. Thus, the first issue we will address is whether the will is a joint and mutual will or a joint will. A joint will is one where the same instrument is made the will of two or more persons and is jointly signed by them. It is not necessarily either mutual or reciprocal. (*In re Estate of Weaver* (1966), 71 Ill. App. 2d 232, 236, 217 N.E.2d 326, 328.) A "joint and mutual will" is a single testamentary instrument that contains the will of two or more persons. It is executed jointly and disposes of property owned in severalty, in common, or jointly by the testators. (*Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 201, 445 N.E.2d 77, 79.) A joint and mutual will must be executed pursuant to a contract between the testators, requiring the survivor of them to dispose of the property as the will's provisions instruct. The joint and mutual will may itself comprise the contract. (*In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 782, 479 N.E.2d 500, 504.) When a joint and mutual will is executed by husband and wife, the mutual love and respect that the testators have for each other is sufficient consideration. *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77.

Although we realize each case must be viewed individually, the Illinois courts recognize five common characteristics of a "joint and mutual will." These characteristics set forth in *Rauch* are as follows:

"First, we look for the label the testators have assigned to the will—whether they refer to it as their joint and mutual will. [Citation.]

Second, we look for reciprocal provisions in the will— whether the testators made a disposition of his or her entire estate in favor of the other. [Citation.]

Third, we look for a pooling of the testators' interests. In a joint and mutual will the testators pool all of their interests—whether owned jointly, in common, or severally—into one joint fund. [Citation.]

Fourth, we look for a common dispositive scheme under which the parties dispose of the common fund by bequeathing it to their heirs in approximately equal shares. [Citation.]

Fifth, we look for the use by the testators of common plural terms such as 'we' and 'our' as further evidence of the testators' intent to make a joint and mutual will. [Citation.]" *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 201, 445 N.E.2d 77, 80.

■ It is well established that (1) the purpose of construing a will is to ascertain, if possible, the intention of the testator and (2) intention should be gathered from the four corners of the instrument. *In re Estate of Weaver* (1966), 71 Ill. App. 2d 232, 238, 217 N.E.2d 326, 328.

■ Close scrutiny of the second paragraph of the instrument reveals that the will was intended to be irrevocable upon the death of one of the testators. This paragraph directs that all property possessed at the time of the decease of one of the testators becomes the property of the survivor, *"PROVIDED, HOWEVER,* that upon the decease of the said survivor, it is *our will* that any real or personal property so remaining shall be divided in the following manner." (Emphasis added.) From the foregoing it is apparent that the testator did not intend to give the survivor the power to upset the scheme.

In the case at hand, each testator has made a disposition in favor of the other, the testators' interests are pooled, there is a common dispositive scheme where their respective families receive equal shares, and common plural terms such as "we" and "our" abound throughout the instrument. Furthermore, there is evidence that the will itself constituted a contract, for the phrase "we agree" appears frequently within the third paragraph.

■ The case at hand is extremely similar to *In re Estate of Bell* (1972), 6 Ill. App. 3d 802. 286 N.E.2d 589. Like *Bell,* these testators each had children who were properly the object of their bounty, and the execution of a joint and mutual will was a logical device whereby both testators could make certain that all of their property of every kind was to pass to the survivor and thereafter was to be equally divided between the children who constituted their respective families. Because in the instant case the equal treatment of each side of the family is so obviously provided for, it would not be logical to consider that the testator intended to give the survivor the power to upset the

scheme by a contrary testamentary disposition merely because he used the word severally in the instrument. (See *Helms v. Darmstatter* (1966), 34 Ill. 2d 295, 301, 215 N.E.2d 245, 249.) Furthermore, the absence of the term "mutual" in the will should not require a different result, for this court has recently held that absence of a mere term is not sufficient to require a finding that an instrument is a joint will instead of a joint and mutual will. (See *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500.) Thus we find that the will was indeed a joint and mutual will.

Now we must address what interest each party had under the will.

■ Because we believe the testator's intent was that the will be joint and mutual, we find a life estate in favor of Ruth Arnold was created. (*First United Presbyterian Church v. Christenson* (1976), 64 Ill. 2d 491, 356 N.E.2d 532.) However, the will also empowered Ruth Arnold to sell or dispose of any portion of the estate. The words "upon the decease of the said survivor" gave a vested remainder interest to their respective children because death is certain to occur eventually. However, the words "so remaining" subject the vested remainder to complete defeasance. Thus, we conclude that plaintiff's interest in the estate was a vested remainder subject to defeasance. See *Gaston v. Hamilton* (1982), 108 Ill. App. 3d 1145, 1148, 440 N.E.2d 190, 193; Restatement of Property secs. 275, 276 (1940).

■ An interest ceases being a remainder or future interest and becomes a present interest upon termination of the precedent estate, and the rights of possession and of present enjoyment accrue at that time. (*Northern Trust Co. v. Biddle* (1965), 65 Ill. App. 2d 253, 262, 212 N.E.2d 694, 699, *cert. denied sub nom. Hardenberg v. Katzenbach* (1966), 385 U.S. 828, 17 L. Ed. 2d 64, 87 S. Ct. 62.) Thus, we agree with the finding of the trial court that Carole Gillespie had no present interest in the estate.

■ However, we cannot say that she was not an interested person. An "interested person" is one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved, including without limitation an heir, legatee, creditor, person entitled to a spouse's or child's award and the representative. (Ill. Rev. Stat. 1983, ch. 110½, par. 1.2—11.) It is well settled that a life tenant owes a duty to the remainderman to prevent waste (*Guhl v. Guhl* (1941), 376 Ill. 100, 111, 33 N.E.2d 185, 190), not to manipulate the title so as to defeat the remainderman (*Cales v. Dressler* (1924), 315 Ill. 142, 148, 146 N.E. 162, 164), and not to transfer the property for an in-

adequate consideration (*DeGroot v. Kohr* (1971), 2 Ill. App. 3d 924, 927, 274 N.E.2d 127, 129).

■ Respondent claims that because it was not alleged that respondent in any way altered the testamentary disposition, this case is premature. We do not agree. The petitioner purports that the inventory provided by respondent was not complete. It is only logical that the court must be aware of what the entire estate consists, before it can later determine whether any waste or fraud occurred.

■ Respondents contend that decedent's will should not have been construed upon the death of Eugene Arnold. However, it is well established that a court has jurisdiction to hear and determine bills to construe wills where there is doubt or uncertainty as to the rights and interests of parties arising under such wills. (*Peck v. Drennan* (1951), 411 Ill. 31, 36, 103 N.E.2d 63, 66.) Respondents cite *Thomas v. First National Bank* (1985), 134 Ill. App. 3d 192, 479 N.E.2d 1014, as authority for their position. We find *Thomas* to be distinguishable from the case at hand. In *Thomas* there was no controversy as to whether the will was a joint will or a joint and mutual will. Thus, a motion to construe the will was not necessary in *Thomas*. The petitioners in *Thomas* also alleged that mismanagement of the estate might occur in the future, whereas the petitioner in the case at hand alleges that the inventory was incomplete.

■ Finally, respondents' cross-appeal alleges that the probate court is without the authority to order executrix to file an inventory or to present herself for examination under oath as to the assets of the estate because no citation petition properly lies. We note that respondent has cited no relevant authority to that effect. The probate court has the power to compel the filing of an inventory and also has the power to determine whether this duty has been performed. *Greene v. United States* (N.D. Ill. 1978), 447 F. Supp. 885, 895.

■ Furthermore, we find that a citation proceeding would properly lie. A citation proceeding has two separate and somewhat different, although related, objects: to obtain the return of personal property belonging to the estate but in possession of or being concealed by others, or to obtain information needed to recover estate property. (*Lombardi v. Lepkowicz* (1975), 28 Ill. App. 3d 79, 81, 328 N.E.2d 328, 330.) Carole Gillespie's petition alleged that the inventory was incomplete, and thus it appears that property may have been concealed from the inventory.

■ We also find that Carole Gillespie was a proper party to bring a petition. Section 16—1(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 16—1(a) provides: "Upon the filing of a pe-

tition therefor by the representative or by any other person interested in the estate or, in the case of an estate of a ward by any other person, the court shall order a citation to issue \*\*\*." The information may be given to the court by an heir, legatee, devisee, administrator, creditor, or any interested person. *In re Estate of Halaska* (1940), 307 Ill. App. 176, 179, 30 N.E.2d 119, 121.

Ruth Arnold admitted that Carole Jean Gillespie was an heir of Eugene Arnold in her petition for probate of will and for letters testamentary. (We note that the word "heirs" in its technical sense applies to those persons appointed by law to inherit an estate in case of intestacy. (*Le Sourd v. Leinweber* (1952), 412 Ill. 100, 105, 105 N.E.2d 722, 724)). Thus, Carole Gillespie was an interested person who had a right to file a citation petition.

Affirmed.

KARNS and HARRISON, JJ., concur.