(No. 35723.— )

George K. Young *et al.*, Appellants, *vs.* Zella Whisler *et al.*, Appellees.

*Opinion filed May 18, 1960.*

GEORGE TRAICOFF, of Peoria, and LYBARGER AND COLLINS, of Bushnell, for appellants.

LACHLAN GRISSEY, of Lewistown, for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiffs George K. Young and Donald L. Young have appealed directly to this court from a decree of the circuit court of Fulton County dismissing their complaint to construe the will of Lance Young, which devises certain real and personal property.

The sole issue is whether a proceeding to construe the will is warranted on the ground that a latent ambiguity is created by the terms of the will in the light of the circumstances.

From the record it appears that the testator, Lance Young, executed a will on December 23, 1948, in which he gave all his property, real and personal, after the payment of just debts and funeral expenses, to his second wife, Edith Pearl Young, who was also named executrix. The

will further provided that in the event said wife predeceased the testator, all the property would go "to my children, Zella Lee Rath and Thelma Louise Yoeman, in equal parts, share and share alike." The testator's wife died in 1954, and he died May 19, 1959, possessed of real and personal property valued at approximately $148,000. His survivors and heirs-at-law included plaintiffs George and Donald Young, sons by his first wife, and defendants Zella Whisler and Thelma Yoeman, daughters by his second wife. The will was admitted to probate on June 10, 1959, and, since it designated no alternate executor, defendants, pursuant to their request, were issued letters of administration with the will annexed. Plaintiffs thereupon instituted this proceeding to construe the third clause of the will on the ground that it creates a latent ambiguity.

The controverted third clause provides: "In the event my said wife should predecease me then and in that event I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal to my children, Zella Lee Rath and Thelma Louise Yoeman, in equal parts, share and share alike."

Plaintiffs maintain that since the testator had four children, the description "my children, Zella Lee Rath and Thelma Louise Yoeman" in that clause is ambiguous, uncertain and false in part. Hence, plaintiffs argue, the clause must be construed to ascertain whether the testator intended all of his children to take under the will or whether he intended to disinherit his two sons not named therein.

The circuit court sustained defendants' motion to dismiss the complaint on the ground that the terms of the will were clear and involved no latent ambiguity, hence there was no need to construe the will. Plaintiffs prosecuted a direct appeal to this court inasmuch as a freehold is involved in the disposition of the property under the terms of the will.

In reviewing this cause, it is incumbent upon us to

determine whether the third clause of the will devising the property in the event the testator's second wife predeceased him, "to my children, Zella Lee Rath and Thelma Louise Yeoman," who were children by his second wife, created a latent ambiguity in the light of the circumstances that testator had two sons by a prior marriage.

Defendants insist that the language is clear and unambiguous, and in support of their motion to dismiss the complaint to construe the will they rely upon *Wall v. Wall,* 157 Neb. 360, 59 N.W.2d 398. The court therein held that there was no ambiguity in a will which devised property. "to my nieces and nephews, share and share alike," and then stated that "the nieces and nephews mentioned are as follows," naming ten of them, but omitting five others who came within the designated class. Although there are some elements of similarity between that case and the case at bar, analogies in will construction cases have limited application. As succinctly stated in the profusely quoted epigram of Sir William Jones, "No will has a twin brother," (75 A.L.R. 805,) hence we prefer to predicate our decision upon an independent analysis of the particular provision involved in the instant case in the light of our established rules of will construction.

It is readily apparent that the devise, "to my children, Zella Lee Rath and Thelma Louise Yoeman," falls within the rule that where legatees are named as individuals and also described as a class, and there is nothing more to show the testator's intention, the gift by name constitutes a gift to individuals, to which the class description is added by way of identification. (105 A.L.R. 1397; 75 A.L.R. 805; 57 Am. Jur. 835; *Krog v. Hafka,* 413 Ill. 290; *Carter v. Carter,* 234 Ill. 507.) Moreover, the natural meaning of the words "my children" in the phrase is to identify the legatees and their relationship to the testator. The words are in no way inconsistent with the two names which follow. Since the named individuals are both children of

the testator, they are accurately described, and the existence of two other children by a former marriage does not impair the accuracy of that description, nor render it ambiguous.

In this respect the case is distinguishable from *Hays* v. *Illinois Industrial Home for the Blind,* 12 Ill.2d 625, cited by plaintiffs. There the beneficiary under the will was designated as "Illinois Industrial Home for the Blind (commonly called Lighthouse for the Blind,)" and the court held that the designation created a latent ambiguity since the phrase involved two entirely different institutions. The Illinois Industrial Home for the Blind was a public institution, whereas the Lighthouse for the Blind was a privately endowed establishment. Consequently, the latent ambiguity involved therein cannot be deemed comparable to the controverted phraseology in the instant case.

Plaintiffs' contention, that the testator intended to convey the property to "all his children" and created an ambiguity by naming only two of them, is not only a distortion of the plain meaning of the words, but is contrary to the rule that ordinarily a will purporting to devise and bequeath all property of a testator to a named beneficiary is equivalent to the expression of an intention to disinherit all other persons. *Hedlund* v. *Miner,* 395 Ill. 217, 224.

Insofar as the third clause of the will purports to give testator's property to named individuals, it, in effect, disinherits all others, under this rule. Nor is any contrary intention manifested in the will. Had the testator used the expression "all my children," or included any language indicating an intention to include his sons in the will, this court would have some conceivable justification for not applying that general rule, or for disregarding the specific names. However, as stated in the *Hays case,* "there must be something in the will which makes it certain that the expressed intention of the testator necessitates the deletion." The fact that the testator had additional children cannot of itself

bar our giving effect to his expressed intention to devise the property to the named children. On the contrary, it was testator's privilege to devise his property among those children he preferred, however inequitable his distribution may be; and this court is obliged to give effect to that expressed intention, and not to draft a new will. *Stern* v. *Stern,* 410 Ill. 377; *Davidson* v. *Davidson,* 2 Ill.2d 197.

In our judgment, since the third clause of the will of Lance Young clearly expresses his intention to give all his property, real and personal, to certain named children who are the defendants herein, in the event his wife predeceased him, we find no latent ambiguity from the fact that the testator had other children in existence. In the absence of any ambiguity, there are no legally sufficient grounds for the admission of parol evidence, and no necessity for construing the will. The circuit court therefore properly dismissed plaintiffs' complaint, and the decree of that court is hereby affirmed.

*Decree affirmed.*