VERNON BUETTNER *et al.*, Plaintiffs-Appellants, v. EDNA RINTOUL *et al.*, Defendants-Appellees.

Fifth District   No. 5—89—0013

Opinion filed February 28, 1990.—Rehearing denied April 5, 1990.

Robert E. Ryan, of Alton, for appellants.

Steven N. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellee Edna Rintoul.

Dean E. Sweet, of Holland, Sweet & Barr, of Wood River, for appellee Milton Bracht.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Vernon Buettner, Oliver Buettner, Howard Buettner and Ruth Ridenhower, appeal the judgment of the circuit court of Madison County finding that the will of Arthur J. Buettner and Irene A. Buettner is not a mutual will. We affirm.

Testators, Arthur J. Buettner and Irene A. Buettner, executed their last will and testament on October 28, 1959. Arthur passed away on May 1, 1966. The will was probated in Madison County and letters testamentary issued to Irene on July 25, 1966.

On October 18, 1966, Irene transferred title to real estate previously owned by Arthur and Irene to herself and her sister, defendant Edna Rintoul, as joint tenants. In September 1986, Irene passed away leaving a last will and testament dated April 12, 1983. In this second will, Irene named defendant, Milton Brecht, as sole legatee and devisee.

Plaintiffs in this cause are the children and sole heirs at law of Arthur, but are not related to Irene. Plaintiffs argue that the 1959 will was joint and mutual and therefore specifically enforceable as a contract. Defendants respond that (1) the will was not joint and mutual, and (2) testators held the land in joint tenancy and Irene, as survivor, acquired an undivided ownership interest in the land upon Arthur's death.

As we noted in *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500, there are five common characteristics of a joint and mutual will repeatedly recognized by Illinois courts:

" '*First*, we look for the label the testators have assigned to the will—whether they refer to it as their joint and mutual will. [Citation.]

*Second*, we look for reciprocal provisions in the will—whether the testators made a disposition of his or her entire estate in favor of the other. [Citation.]

*Third*, we look for a pooling of the testators' interests. In a joint and mutual will the testators pool all of their interests— whether owned jointly, in common, or severally—into one joint fund. [Citation.]

*Fourth*, we look for a common dispositive scheme under which the parties dispose of the common fund by bequeathing it to their heirs in approximately equal shares. [Citation.]

*Fifth,* we look for the use by the testators of common plural terms such as 'we' and 'our' as further evidence of the testators' intent to make a joint and mutual will. [Citation.]' " (Emphasis in original.) 133 Ill. App. 3d at 783-84, 479 N.E.2d at 505, quoting *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 201, 445 N.E.2d 77, 80.

The will before us is labeled "Last Will and Testament of Arthur J. Buettner and Irene A. Buettner." It is not labeled "Joint and Mutual Will of Arthur J. Buettner and Irene A. Buettner."

Provisions IV and VI are reciprocal dispositions of the entire estate of each. They read:

"IV.

I, ARTHUR J. BUETTNER, being fully confident that my wife shall amply provide for the welfare of our children, HOWARD L. BUETTNER, VERNON BUETTNER, OLIVER J. BUETTNER and RUTH RIDENHOWER, I do hereby give, devise and bequeath to IRENE A. BUETTNER, my wife, all of the property, real, personal or mixed of which I may die seized and possessed, absolutely and forever."

"VI.

I, IRENE A. BUETTNER, being fully confident that my husband shall amply provide for the welfare of our children, HOWARD L. BUETTNER, VERNON BUETTNER, OLIVER J. BUETTNER and RUTH RIDENHOWER, I do hereby give, devise and bequeath to ARTHUR J. BUETTNER, my husband, all of the property, real, person or mixed of which I may die seized and possessed, absolutely and forever."

In these reciprocal provisions, the testators made a disposition of his or her entire estate in favor of the other.

■ In the will before us, we cannot find a pooling of the testators' interests into one fund. In a joint and mutual will the testators pool all of their interests—whether owned jointly, in common, or severally—into one joint fund. *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 783-84, 479 N.E.2d 500, 505; *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 201, 445 N.E.2d 77, 80.

Next, we cannot find a common dispositive scheme under which the parties dispose of the common fund by bequeathing it to their heirs in approximately equal shares. The will only discusses a distribution of property in the event both testators die together.

Finally, we look for the use by the testators of common plural terms such as "we" and "our" as further evidence of the testators' intent to make a joint and mutual will. Here, the use of such common language is

sporadic and irregular. Far more common are singular words such as "I" and "my."

In addition, this situation is strikingly similar to that of *Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251. In *Larison*, testators wrote a will entitled "Mutual Will." (117 Ill. 2d at 447, 512 N.E.2d at 1252.) As in this case, the first provision of the *Larison* will directed that funeral expenses and debts be paid by the estate. (117 Ill. 2d at 447, 512 N.E.2d at 1252.) As in this case, the *Larison* will's second paragraph declared that the surviving testator was to take all real and personal property possessed by the other. Again, as in this case, the *Larison* will's third paragraph provided for a distribution in the event the testators met their deaths as a result of a common disaster. (117 Ill. 2d at 447-48, 512 N.E.2d at 1252.) Finally, as in this case, the fourth paragraph of the *Larison* will related that the surviving testator was to be executor of the will. 117 Ill. 2d at 448, 512 N.E.2d at 1252.

In *Larison*, the supreme court noted that the testators only provided for the two contingencies—the simultaneous death of testators through a common cause, and the death of one and the other surviving the first. The supreme court held that the *Larison* will did not preclude the surviving testator from making a new will. (117 Ill. 2d at 450, 512 N.E.2d at 1254.) The same can be said of the Buettner will.

In their complaint, plaintiffs allege that testators held the land as joint tenants. Defendants do not dispute this fact. The law is well settled that title to real estate held in joint tenancy does not pass under a joint and mutual will. The real estate can, however, be the subject of a limiting contractual agreement contained within such a will. (*First United Presbyterian Church v. Christenson* (1976), 64 Ill. 2d 491, 497, 356 N.E.2d 532, 535; *Moline National Bank v. Flemming* (1980), 91 Ill. App. 3d 398, 403, 414 N.E.2d 936, 939.) We can find no such limiting contractual agreement here, however. Thus, upon Arthur's death, Irene acquired the land by virtue of her joint tenancy, not under the terms of the will. As noted above, nothing in the will prohibited Irene from disposing of the property after Arthur's death as she desired.

At the time of her death, Irene owned the land in joint tenancy with her sister, defendant, Edna Rintoul. The land therefore passed to Edna by joint tenancy and not under Irene's 1983 will.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

LEWIS, P.J., and HOWERTON, J., concur.