DOLORES D. PERINO *et al.*, Plaintiffs-Appellants, v. KRISTINE
ELDERT *et al.*, Defendants-Appellees.

Third District   No. 3—91—0651

Opinion filed May 22, 1992.

Robert D. Gaubas, of Robert D. Gaubas, Ltd., of Peoria, for appellants.

Jonathon T. Schlake and Bill Butts, both of Bill Butts Barrister, Ltd., of Galesburg, for appellees.

JUSTICE HAASE delivered the opinion of the court:

The plaintiffs, Dolores D. Perino and Wallace E. Prince, filed a complaint against the defendants, Kristine Eldert and the estate of Bernice Guardalabene, seeking to enforce the provisions of the 1961 joint will of Bernice Guardalabene. The trial court granted the defendants' motion for summary judgment. The plaintiffs appeal. We affirm.

Bernice and C.L. Prince were married in 1944. In 1961, the two jointly executed a will whereby they left all of their property to each other and with a further provision that the surviving testator shall give his or her entire estate to C.L. Prince's children from a former marriage: Dolores D. Perino and Wallace E. Prince.

C.L. died in 1964. His property then passed to Bernice. Sometime in 1965, Bernice married Edward Guardalabene. In 1982, Edward died.

In 1988, Bernice executed a new will leaving her property to her nieces and nephews and naming Kristine Eldert as executrix. After Bernice's death in 1990, Kristine presented the 1988 will for probate and it was admitted. Plaintiffs Perino and Prince subsequently petitioned in probate to substitute the 1961 will on the theory that the latter will was a joint and mutual will which became irrevocable upon the death of the first testator, C.L. Prince. The trial court dismissed the petition and this court affirmed on appeal, finding that the probate court was not the proper forum for the plaintiffs to raise a claim about a contract not to revoke the 1961 will. *Perino v. Eldert* (1991), 217 Ill. App. 3d 582, 577 N.E.2d 807.

Thereafter, the plaintiffs filed a two-count complaint in the chancery court of Knox County seeking enforcement of the 1961 will and an injunction preventing the distribution of Bernice's property under the terms of the 1988 will.

The trial court granted the defendants' motion for summary judgment. In so doing, the court found that the 1961 will was not a joint and mutual will and, therefore, did not create a contract between C.L. and Bernice not to revoke the will.

On appeal, the plaintiffs argue that the 1961 will was a joint and mutual will which became irrevocable upon C.L.'s death in 1964. A party asserting that a particular will is a joint and mutual will has the burden of establishing that by clear and convincing evidence. *In re Estate of Signore* (1986), 149 Ill. App. 3d 904, 501 N.E.2d 282.

■ The contract embodied in a joint and mutual will becomes irrevocable after the death of one of the testators. (*In re Estate of Edwards* (1954), 3 Ill. 2d 116, 120 N.E.2d 10.) In the past, Illinois case law provided that a joint will of a husband and wife created a presumption that such a will was executed pursuant to a contract between the testators not to revoke the will. (*Frazier v. Patterson* (1909), 243 Ill. 80, 90 N.E. 216.) However, this presumption has been eroded. (See *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500.) More recently, courts have been reluctant to permit the fact of joint execution between husband and wife to be conclusive and have looked to the provisions of the will itself and to other proof to adduce the testators' intentions. (*In re Estate of Edwards* (1954), 3 Ill. 2d 116, 120 N.E.2d 10; *Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 150 N.E.2d 144; *King v. Travis* (1988), 170 Ill. App. 3d 1036, 524 N.E.2d 974.) Accordingly, we will look to the document itself to determine the testators' intentions.

■ There are five common characteristics of a "joint and mutual will" that have been repeatedly recognized by Illinois courts. (*Rauch*

*v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77; *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500.) Those characteristics are: (1) the label the testators have assigned to the will—whether they refer to it as a joint and mutual will; (2) the use by the testators of common plural terms such as "we" and "our"; (3) the pooling of the testators' interests into one joint fund whether previously owned jointly, in common, or severally; (4) reciprocal provisions in the will—whether the testators made a disposition of the entire estate in favor of the survivor of them; and (5) a common dispositive scheme under which the parties dispose of the common fund by bequeathing it to their heirs in approximately equal shares. *In re Estate of Kaplan* (1991), 219 Ill. App. 3d 448, 579 N.E.2d 963.

■ Examining the above-mentioned characteristics, we note that the testators labeled their will "LAST WILL AND TESTAMENT" and in the first paragraph stated that "[w]e *** declare this to be jointly as well as severally, our Last Will and Testament." The testators did not use the word "mutual" in referring to the instrument. Instead, they used the word "severally," which is completely opposite of "mutual." Thus, the first characteristic courts look at is absent in this case.

We are aware that a court is not precluded from finding an instrument to be a joint and mutual will because it lacks such a label. (See *In re Estate of Kaplan* (1991), 219 Ill. App. 3d 448, 579 N.E.2d 963; *In re Estate of Arnold* (1986), 142 Ill. App. 3d 258, 491 N.E.2d 458.) Moreover, courts have found wills to be joint and mutual even though the first paragraph defined the will as "jointly as well as severally our last will and testament." However, in those cases where the courts have found a joint and mutual will despite the absence of the proper label, the courts have further found that the other four characteristics of a mutual will were satisfied.

In the present case, the will also lacked the fifth characteristic of a common dispositive scheme under which the parties dispose of the fund by bequeathing it to their heirs in approximately equal shares. Here, the testators bequeathed and devised all their property to C.L.'s heirs. Bernice's heirs did not receive any shares, let alone equal shares.

In *King v. Travis* (1988), 170 Ill. App. 3d 1036, 524 N.E.2d 974, the will in question gave the survivor all property in "Fee Simple Absolute Forever." The will then provided that upon the death of both testators, only the husband's heirs, namely his son and daughter by women other than the testator's wife, could inherit the estate. The

*King* court found that the document did not create a common dispositive scheme and, therefore, it was not a joint and mutual will.

Similarly, the will in the case at bar provided that the survivor became the beneficiary of "all real and personal property of the deceased testator, to have and to hold as said surviving testator's own absolute property forever." The will then provided that the survivor's only legatees were the husband's heirs. As in *King*, the will in the instant case did not create a common dispositive scheme.

Accordingly, we find that since the 1961 will lacked two important characteristics for creating a joint and mutual will, the trial court properly granted the defendants' motion for summary judgment.

The judgment of the circuit court of Knox County is affirmed.

Affirmed.

GORMAN and SLATER, JJ., concur.