DONALD ORSO *et al.*, Petitioners-Appellees, v. BART A. LINDSEY, Indiv. and as Ex'r of the Estate of Charles A. Galli, Deceased, *et al.*, Respondents-Appellants.

Fifth District    No. 5—91—0701

Opinion filed August 28, 1992.

Donald R. Brandon, of Herrin, for appellants.

Randy Patchett, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellees.

JUSTICE RARICK delivered the opinion of the court:

Respondents, residuary devisees and/or legatees under the 1990 will of Charles Galli, appeal the entry of summary judgment by the circuit court of Williamson County in favor of petitioners, residuary devisees and/or legatees under the 1960 will of Charles and Marion (Mary O.) Galli. We affirm.

Charles and Mary Galli executed a last will and testament which they declared to be their joint and mutual last will and testament on February 10, 1960. Mary Galli died in February of 1977, and the 1960 joint will was admitted to probate as her will. On July 12, 1990, Charles Galli executed a new will which purported to revoke all prior wills and codicils. Following Charles' death in January 1991, Lindsey, executor of the estate of Charles Galli, filed a petition for admission of Charles' 1990 will to probate. Petitioners subsequently filed a will contest attacking the 1990 will. Both petitioners and respondents filed motions for summary judgment requesting a ruling as to whether the 1960 joint will was revocable by the surviving spouse. The trial court, declaring the 1960 will to be irrevocable after the death of Mary Galli, found in favor of petitioners.

Respondents argue on appeal the trial court erred in granting summary judgment for petitioners. Respondents, relying primarily on paragraph "SECOND" of the will, believe the 1960 will gave all property to the surviving spouse in fee simple with an unqualified right, not limited to the lifetime of that spouse, to dispose of such property as he or she saw fit. Accordingly, Charles, as the surviving spouse, was therefore free to bequeath the property to anyone he wished with no restrictions, an option which he chose to do when he executed a new will in 1990. Respondents miss the point. The 1960 will of Charles and Mary Galli cannot be so narrowly construed as respondents urge but rather must be interpreted as a whole. We look first to the language of the will itself.

"LAST WILL AND TESTAMENT

We, CHARLES A. GALLI and MARION (MARY O.) GALLI, husband and wife of the City of Herrin, Williamson County, Illinois, being of sound and disposing mind, memory and understanding, do hereby make, publish and declare this to be our joint and mutual last will and testament, hereby revoking any and all prior wills by us, or either of us, heretofore made.

FIRST

It is our will and we direct that all the just debts and funeral expenses of us, or either of us, be paid as soon as possible after our deaths, respectively, consistent with the proper administration of our estates.

SECOND

We give, will, devise and bequeath to each other, respectively, all the rest, residue and remainder of our estate, respectively, both real, personal and mixed, of whatsoever kind and nature, and wherever the same may be situate, of which we may die seized or possessed respectively, or to which we may be entitled at the time of our deaths, respectively. It is our desire, intention and will that the survivor of us take and hold the whole estate of the deceased in fee simple with the unqualified right to trade, sell, mortgage or otherwise dispose of all or any part of said estate as he or she shall see fit.

THIRD

After the decease of both of us, it is our will, and the will of each of us, and we, and each of us, do and does direct that all the estate which we, or either of us, shall own or be entitled at the time of our deaths, or the death of the survivor of us, both real, personal and mixed and wherever situate shall go and be paid over, delivered, transferred and conveyed as follows:

(a) [specific bequest to sister of Charles Galli]

(b) [specific bequest to sister of Mary Galli]

(c) [specific bequest to brother of Mary Galli]

(d) Any motor vehicle registered in our names jointly or in the name of one of us individually, shall, upon the death of the survivor of us, or upon the simultaneousl [*sic*] death of the both of us, shall become the absolute property of Bradlee Lindsay [*sic*].

(e) The Town Shop, located in Herrin, Illinois, or any other business owned by us or in which the survivor of us might be shown to have an interest at the time of his or her death; all cash on hand and all monies deposited in banks or other depositories; all real estate; all household furnishings and clothing; all insurance benefits; all stocks, bonds and jewelry, and any other property not specifically mentioned herein, which shall constitute the estate of the survivor of us, shall be equally divided among the following named individuals, namely: Donald Lee Orso—Shirley Ann Patrick—Reba Mae Harrison—William Bart Orso—Dolores McConnell—Bart Ray Lindsay [*sic*] and Bradlee Lindsay [*sic*]. It is our intention and will, and we do here collectively and individually declare it to be so, to disinherit any and all persons not specifically mentioned in this our joint and mutual last will and testament.

## FOURTH

It is our desire and will that the several items mentioned in sub-paragraph (e) above be distributed among the bamed [*sic*] beneficiaries in kind so far as the same is practicable and our executor, hereinafter named, shall be allowed three (3) months after the issuance of letters testamentary to accomplish plan, satisfactory to the several beneficiaries, for such distribution. In the event the executor is unable to make an amicable division of the aforesaid mentioned items, the whole number shall be sold under order of court and the proceeds arising from said sale distributed among the several beneficiaries herein mentioned said sub-paragraph (e) in manner as therein directed. Any item mentioned in said sub-paragraph (e) not subject to division in kind is to be sold and the proceeds distributed as directed.

\* \* \*

## SIXTH

We do nominate and appoint the survivor of us as executor of this our joint and mutual last will and testament and direct

that such executor be permitted to act as such without surety upon his bond.

## SEVENTH

It is our will that upon the death of the survivor of us Ester Butson act as executor of this our last will and testament and we direct that she be permitted to act as such without surety upon her bond.

## EIGHTH

This joint and mutual will is made in pursuance of a contract or agreement between us for the disposition of all of our property, whether owned by us as joint tenants or as tenants in common, in the manner hereinabove, in this, our last will and testament provided."

■■■ Secondly, we are guided by several well-established principles useful not only in interpreting a joint and mutual will but also in determining whether a will is indeed joint and mutual. We start with the premise that a joint and mutual will is a single testamentary instrument which contains the wills of two or more persons. (*In re Estate of Arnold* (1986), 142 Ill. App. 3d 258, 262, 491 N.E.2d 458, 461; *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 200, 445 N.E.2d 77, 79.) It is executed jointly and disposes of property owned in severalty, in common, or jointly by the testators. (*Arnold*, 142 Ill. App. 3d at 262, 491 N.E.2d at 461; *Rauch*, 112 Ill. App. 3d at 200, 445 N.E.2d at 79; see also *Buettner v. Rintoul* (1990), 195 Ill. App. 3d 874, 876, 553 N.E.2d 6, 7.) It must be executed pursuant to a contract or agreement, which the will itself may comprise, between the testators, requiring the survivor of them to dispose of the property as the will's provisions instruct. (*Arnold*, 142 Ill. App. 3d at 262, 491 N.E.2d at 461; *In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 782, 479 N.E.2d 500, 504; *Rauch*, 112 Ill. App. 3d at 200, 445 N.E.2d at 79.) As a result, the contract embodied in a joint and mutual will becomes irrevocable after the death of one of the testators. (*Perino v. Eldert* (1992), 229 Ill. App. 3d 602, 604, 593 N.E.2d 151, 152; *Rauch*, 112 Ill. App. 3d at 200, 445 N.E.2d at 80; see also *Larison v. Record* (1987), 117 Ill. 2d 444, 449-50, 512 N.E.2d 1251, 1253; *In re Estate of Knight* (1989), 178 Ill. App. 3d 777, 780, 533 N.E.2d 949, 951.) We also note that the purpose of construing a will is to ascertain, if possible, the intention of the testator or testators. (*Arnold*, 142 Ill. App. 3d at 263, 491 N.E.2d at 462.) This intention should be gathered from the four corners of the instrument, and when the four corners of the document reveal no ambiguity about the testator's intentions, summary judgment may properly be entered. (*In re Estate of Kaplan* (1991), 219 Ill.

App. 3d 448, 454, 579 N.E.2d 963, 966; *Arnold*, 142 Ill. App. 3d at 263, 491 N.E.2d at 462.) And finally, although each case must be viewed individually, five common characteristics are recognized as being useful to identify a joint and mutual will. (See *Kaplan*, 219 Ill. App. 3d at 454, 579 N.E.2d at 966-67; *Rauch*, 112 Ill. App. 3d at 200-01, 445 N.E.2d at 80.) These characteristics are: (1) the designation the testators have assigned to the will, whether they refer to it as their joint and mutual will; (2) reciprocal provisions in the will, *i.e.*, a disposition of his or her entire estate in favor of the other; (3) a pooling of the testators' interests whether owned jointly, in common, or severally into one joint fund; (4) a common dispositive scheme under which the testators dispose of the common fund in approximately equal shares to their heirs; and (5) use of common plural terms such as "we" and "our" as evidence of the testators' intent to make a joint and mutual will. *Rauch*, 112 Ill. App. 3d at 201, 445 N.E.2d at 80; see also *Perino*, 229 Ill. App. 3d at 605, 593 N.E.2d at 152-53.

■ Applying these principles to the will at hand, we agree with the trial court's determination that the 1960 will of Charles and Mary Galli is a joint and mutual will which became irrevocable after the death of Mary Galli. Each one of the five characteristics of a joint and mutual will is present in the 1960 will. The will repeatedly uses the plural terms "we," "our" and "us" throughout the will. (*Cf. Buettner*, 195 Ill. App. 3d at 876-77, 553 N.E.2d at 7 (use of common language sporadic and irregular).) The testators made reciprocal provisions as evidenced by paragraph "SECOND" and pooled their interests and employed a common dispositive scheme as found in paragraphs "THIRD" and "FOURTH." And, the testators declared in the will itself that it was their joint and mutual will made "in pursuance of a contract or agreement between us for the disposition of all of our property," including upon the death of the survivor of the two. Reading the will as a whole, it is apparent that the testators did not intend to give the surviving spouse the power to revoke their joint and mutual will by making other dispositions of their property inconsistent with the dictates of the 1960 will. See *Kaplan*, 219 Ill. App. 3d 448, 579 N.E.2d 963; *Schwebl*, 133 Ill. App. 3d 777, 479 N.E.2d 500; *Rauch*, 112 Ill. App. 3d 198, 445 N.E.2d 77; *cf. Perino*, 229 Ill. App. 3d 602, 593 N.E.2d 151; *In re Estate of Signore* (1986), 149 Ill. App. 3d 904, 501 N.E.2d 282; *In re Estate of Mueller* (1975), 26 Ill. App. 3d 163, 324 N.E.2d 674; *In re Estate of Briick* (1959), 24 Ill. App. 2d 77, 164 N.E.2d 82.

Defendants argue, however, the language of paragraph "SECOND" of Charles and Mary Galli's will which states, "It is our desire,

intention and will that the survivor of us take and hold the whole estate of the deceased in fee simple with the unqualified right to trade, sell, mortgage, or otherwise dispose of all or any part of said estate as he or she shall see fit," defeats the irrevocability of the will. We disagree. Again construing the will as a whole, this language gave the surviving spouse the unfettered right to use the property, including disposition of it by sale, gift, trade, etc., during that spouse's lifetime only. It did not give the surviving spouse the freedom to leave the property, upon his or her death, in some manner inconsistent with the instructions of the prior joint and mutual will. The power to use the property however the surviving spouse sees fit does not mean he or she also has the power to change the testators' dispositive scheme in contravention of their express agreement or contract. (See *Arnold*, 142 Ill. App. 3d at 263-64, 491 N.E.2d at 462; *Rauch*, 112 Ill. App. 3d at 201-02, 445 N.E.2d at 80; *Helms v. Darmstatter* (1966), 34 Ill. 2d 295, 301-02, 215 N.E.2d 245, 249; see also *Kaplan*, 219 Ill. App. 3d at 455-57, 579 N.E.2d at 967-69; *cf. Larison*, 117 Ill. 2d at 452-53, 512 N.E.2d at 1254-55; *King v. Travis* (1988), 170 Ill. App. 3d 1036, 1043-44, 524 N.E.2d 974, 979.) As stated in *In re Estate of Bell* (1972), 6 Ill. App. 3d 802, 286 N.E.2d 589, a joint and mutual will is "in effect a family settlement which should be '*** especially favored on grounds of public policy upholding the honor and peace of families.' " (6 Ill. App. 3d at 805, 286 N.E.2d at 591, quoting *Ham v. Marshall* (1964), 46 Ill. App. 2d 92, 96, 196 N.E.2d 377.) We therefore conclude the 1960 will of Charles and Mary Galli is a joint and mutual will which became irrevocable upon the death of Mary Galli. As a result, the 1990 will of Charles Galli, as the surviving spouse, is totally ineffective to distribute any of the proceeds of the estate in a manner inconsistent with the 1960 joint and mutual will.

For the aforementioned reasons, we affirm the granting of summary judgment in favor of petitioners as entered by the circuit court of Williamson County.

Affirmed.

GOLDENHERSH, P.J., and WELCH, J., concur.