In re ESTATE OF BEULAH KELLY, Deceased (Shirley Danner Richards, Petitioner-Appellant, v. John N. Stambaugh *et al.*, Ex'rs of the Estate of Beulah Kelly, *et al.*, Respondents-Appellees).

Fourth District   No. 4—99—0503

Opinion filed February 16, 2000.

G. Ronald Kesinger, of Jacksonville, for appellant.

Harold B. Oakley, Brett K. Gorman, and David G. Penn, all of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

In February 1998, petitioner, Shirley Danner Richards, brought an action contesting the trial court's order admitting to probate the purported last will and testament of decedent Beulah Kelly. In May 1999, the court found that Shirley did not have standing to bring this action and granted the motion of respondents, John N. and J. Kelly Stambaugh, to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(9) (West 1998)). Shirley appeals, and we reverse and remand.

## I. BACKGROUND

In February 1987, Kelly executed a last will and testament (1987 will). In pertinent part, the will devised the residue of Kelly's estate to her late husband's nephews, John N. Stambaugh and J. Kelly Stambaugh, and her nephew, Galen Danner, in equal shares. As to Galen's share, the will further provided as follows:

"And should Galen Danner predecease me, I give, devise and bequeath his share of said rest, residue and remainder of my estate as follows:

(a) To his wife, Shirley Danner, and his grandson, Shane Kimbro, in equal shares, share and share alike, or their survivor."

In July 1987, Shirley and Galen divorced. In September 1991, Kelly executed another last will and testament (1991 will) in which she revoked the 1987 will. Galen died before Kelly executed the 1991 will, which mentions neither Galen nor Shirley.

In October 1997, Kelly died, and in October 1997, the 1991 will was admitted to probate. In February 1998, Shirley petitioned to set aside probate, declare the will null and void, and distribute the estate among Kelly's heirs according to law or pursuant to the 1987 will. Shirley contended the will was null and void because some of the respondents had used undue influence upon Kelly.

In October 1998, the executors of Kelly's estate filed a motion to dismiss Shirley's petition pursuant to section 2—619(a)(9) of the Code. The executors' motion argued that Shirley and Galen's divorce extinguished Shirley's right to take under the 1987 will and she therefore had no standing to contest the 1991 will.

In May 1999, the trial court held as follows:

"[A]s a matter of law, the language 'to his wife, Shirley Danner' requires [Shirley] to remain the wife of Galen Danner at the time of Galen Danner's death. Therefore, Shirley Danner has no standing to contest the will dated September 9, 1991. The executor's motion is allowed, and the contestant's will contest petition is hereby dismissed."

This appeal followed.

## II. ANALYSIS

### A. Standard of Review

An appeal from a dismissal pursuant to section 2—619 of the Code is reviewed *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993). Section 2—619(a)(9) permits dismissal of an action where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 1998). We review the dismissal of Shirley's claim as a matter of law. *Kedzie*, 156 Ill. 2d at 116-17, 619 N.E.2d at 735.

### B. Shirley's Standing To Contest the 1991 Will

■ Any "interested person" has the right to contest the admission of a will to probate. 755 ILCS 5/8—1 (West 1998). An interested person is defined in section 1—2.11 of the Probate Act of 1975 (Act) as follows:

"[O]ne who has or represents a financial interest, property right[,] or fiduciary status at the time of reference which may be affected by the action, power[,] or proceeding involved, including without limitation an heir, legatee, creditor, person entitled to a spouse's or child's award[,] and the representative." 755 ILCS 5/1—2.11 (West 1998).

Thus, Shirley's standing depends on whether she has a property right under the 1987 will. She undisputably benefitted under that will at the time it was written, but the parties do not agree whether designating Shirley as "[Galen's] wife" (1) serves only to identify Shirley or (2) places a condition on her ability to take under the 1987 will. This is an issue of first impression in Illinois.

■ For the reasons that follow, we hold that the designation of Shirley as Galen's wife is merely descriptive and that Shirley was an intended beneficiary under Kelly's 1987 will regardless of her marital status. Therefore, Shirley has standing as an interested party under section 1—2.11 of the Act.

As a general rule:

"[A] testamentary gift to the 'husband' or 'wife' of a designated person may be claimed by the individual who occupied that status at the time the will was made despite a subsequent divorce or decree of nullification, unless it is clear from the language of the will and the accompanying circumstances that it was the testator's intention that the gift should not go to a legatee occupying the changed relation resulting from a divorce. The presumption that the testator intended that the donee should take although divorced is strongly fortified where he or she is named as well as described as 'husband' or 'wife' ***." 80 Am. Jur. 2d *Wills* § 1224, at 338 (1975).

Courts in other jurisdictions have followed this general rule. See *In re Estate of McGlone*, 436 So. 2d 441, 441 (Fla. App. 1983) ("The general rule is that, absent the manifestation of a contrary intention, a testamentary gift to the 'husband' or 'wife' of a designated person is intended as a gift to that person whether or not that person occupies that status at the time of the testator's death"); *In re Dezell*, 292 Minn. 179, 194 N.W.2d 190 (1972) (words describing a named devisee as testator's "daughter-in-law" were merely descriptive and it is the status at the time that the will was executed and not that which obtains when the interest vests that governs).

Applying this rule under the circumstances presented in this case is consistent with existing Illinois law addressing analogous situations. For example, in *Stevens v. Felman*, 338 Ill. 391, 396, 170 N.E. 243, 245 (1930), citing *Collins v. Capps*, 235 Ill. 560, 562-63, 85 N.E. 934, 935 (1908), in which a devise contained an erroneous description of property, the Supreme Court of Illinois wrote the following:

"[H]owever many errors there may be in the description, either of a devisee or the subject of a devise, the devise will not be avoided if enough remains, after rejecting the errors, to show with certainty what was intended when considered from the position of the testator."

In the case at bar, the description of Shirley, the devisee, was no longer accurate once she and Galen divorced. Nevertheless, the will identified Shirley by name and contained no language indicating that Kelly intended anyone other than Shirley to take under her will.

A similar analysis applies in cases where a variance exists between the description of a class and named individuals. In *Young v. Whisler*, 19 Ill. 2d 501, 167 N.E.2d 191 (1960), the testator had four children, two from his first marriage and two from his second. The testator's will devised property to "my children" but identified by name only the two children born of his second marriage. *Young*, 19 Ill. 2d at 503, 167 N.E.2d at 192. On review, the court held that the term "children" merely described the testator's relationship to the two named devisees and its use was not inconsistent with naming only those children that he intended to receive the devise. The court stated the following general rule: "[W]here legatees are named as individuals and also described as a class, and there is nothing more to show the testator's intention, the gift by name constitutes a gift to individuals, to which the class description is added by way of identification." *Young*, 19 Ill. 2d at 504, 167 N.E.2d at 193. Although the clause at issue in this case does not designate a class, the description of Shirley as "[Galen's] wife," is analogous to the description of the children in *Young* and is not inconsistent with an intention to bequeath property to Shirley.

■ In support of our conclusion that Shirley has standing to contest the 1991 will, we emphasize three factors. First, the will identified Shirley by name; second, the will contains no evidence of a contrary intent—that is, the devise is not expressly contingent upon Shirley and Galen being married at Galen's death; and third, Shirley could never take under the 1987 will and still be Galen's wife. The will provided that Shirley would take only if Galen predeceased Kelly. However, under such circumstances, Shirley would no longer be Galen's wife, but his widow. Thus, the term "Galen's wife" only has meaning if it is construed to describe Shirley at the time the will was written. Otherwise, the language at issue would have the effect of completely preventing Shirley from taking under the 1987 will regardless of whether she remained married to Galen until his death—a result contrary to Kelly's clearly expressed intent.

In construing a will, every word, phrase, and clause should be given effect when possible. *Feder v. Luster*, 54 Ill. 2d 6, 11, 294 N.E.2d

293, 295 (1973). We therefore conclude that the term "[Galen's] wife" merely described the legatee, Shirley, and was not a precondition on her ability to take. As a merely descriptive term, we consider Shirley's status at the time the will was executed to discern the testator's intent. 4 W. Bowe & D. Parker, Page on Wills § 34.2, at 406 (rev. ed. 1961). At that time, Shirley and Galen were married.

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and remand for further proceedings not inconsistent with this opinion.

MYERSCOUGH and KNECHT, JJ., concur.