**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**
**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD NORMAN SWANEY, JR.,**
**Plaintiff Below, Petitioner**

**vs.) No. 23-ICA-10**     (Cir. Ct. of Mercer Cnty. Case No. 22-C-144)

**LISA M. BUCKLEW,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Richard Norman Swaney, Jr., appeals from the November 17, 2022, order of the Circuit Court of Mercer County, which granted respondent Lisa Bucklew's motion to dismiss Mr. Swaney's Complaint for Declaratory Judgment. Ms. Bucklew filed a timely response.[1] No reply was filed. Mr. Swaney's complaint sought the circuit court's determination of the validity of a beneficiary of a will made by his stepmother, Margaret Swaney. Mr. Swaney asserts that his ex-wife, Ms. Bucklew, should not inherit from his stepmother's estate because they were divorced before his stepmother's death.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Swaney and Ms. Bucklew were married on August 27, 1988. The parties separated on or around August 31, 2019, and were divorced by Order entered on February 2, 2021. After the separation, Ms. Bucklew had no contact with Mr. Swaney's stepmother, Margaret Swaney. Sometime after the divorce was finalized, Ms. Bucklew relocated from West Virginia to North Carolina and remarried.

Margaret Swaney died on August 5, 2021, leaving a Last Will and Testament executed on May 19, 2016. Item II in the Will stated, "All the rest, residue and remainder of my estate of every kind and nature, whether now owned or hereafter acquired, I give, devise and bequeath unto my step-son, Richard N. Swaney, Jr. and his wife, Lisa M. Swaney, or the survivor of them."

---

[1] Mr. Swaney is represented by Evelyn Raeann Osborne, Esq. Ms. Bucklew is represented by Derrick W. Lefler, Esq.

1

Mr. Swaney filed the underlying suit in Mercer County Circuit Court seeking an order declaring that Ms. Bucklew is not a beneficiary of the estate of Margaret Swaney and therefore inherits nothing because she was not the wife of Mr. Swaney at the time of Margaret Swaney's passing.

On Thursday, November 10, 2022, Ms. Bucklew filed a Motion to Dismiss, stating simply that the complaint "fails to state a claim upon which relief may be granted." On Monday, November 14, 2022, the parties appeared for a scheduled hearing to set a trial date, but by verbal agreement, the parties also presented oral arguments regarding the recently filed Motion to Dismiss, even though Mr. Swaney's counsel had not filed a written response brief. The circuit court took the motion under advisement and three days later, on November 17, 2022, entered its Order Granting Defendant's Motion to Dismiss the Plaintiff's Complaint for Declaratory Judgment. The circuit court concluded,

> [T]he Court finds that the use of the term "wife" in the Last Will and Testament of Margaret Jo Swaney was merely descriptive and that the bequest to Lisa M. Bucklew (last name Swaney in the Will) was personal in nature. The Court looks at the fact that Mrs. Bucklew was referred to by her name at that time, Lisa M. Swaney, and not simply as "Richard N. Swaney, Jr. and his wife" as Margaret Jo Swaney could have chosen to do and that the will contains no language conditioning Lisa M. Bucklew's ability to inherit on her marriage to Richard N. Swaney, Jr. Furthermore, the Court finds that the parties divorced prior to Margaret Jo Swaney's death and there is no evidence in the record that demonstrates she was physically or mentally incapable of amending the contents of her Will. Because of these facts, the Court FINDS and CONCLUDES that the plain meaning of the Will, based on the terms contained in the Will, is that Margaret Jo Swaney intended Lisa M. Bucklew (last name Swaney in the Will) to be a beneficiary of her Estate, regardless of her status as Richard N. Swaney, Jr.'s wife.

It is from this Order that Mr. Swaney now appeals.

Because the circuit court's ruling is based upon a motion to dismiss, our standard of review is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). With this in mind, we turn to the arguments at issue herein.

On appeal, Mr. Swaney argues that the circuit court erred in granting the motion to dismiss without setting a separate evidentiary hearing where evidence of Margaret Swaney's incapacity could have been presented. Mr. Swaney alleges that he requested a full evidentiary hearing because he had witnesses prepared to testify that Margaret Swaney was incapable of making changes to her will after his divorce was finalized from Ms. Bucklew, but the circuit court refused. However, the hearing transcript provided in the appendix record indicates that counsel for Mr. Swaney agreed to argue the motion to dismiss at the November 14, 2022, hearing. There is nothing in that hearing transcript, or anywhere else in the appendix record, that suggests a request for a "full evidentiary hearing" on the motion to dismiss was made, or that the circuit court refused to permit one, as argued in Mr. Swaney's brief. Accordingly, we find no support for this argument.

Even if there was evidence of such a request, we find no error in the lack of a separate evidentiary hearing before a ruling on a motion to dismiss. An inquiry under West Virginia Rule of Civil Procedure 12(b)(6) concerns the sufficiency of the complaint's statement of a claim for which relief could be granted, and the circuit court is not required to consider matters outside the pleading. Mr. Swaney's complaint did not make any allegations regarding Margaret Swaney's incapacity, and that issue was not essential to the court's ruling on whether it was appropriate to dismiss because Mr. Swaney's complaint could prove no set of facts in support of his claim which would entitle him to relief.

Mr. Swaney's second assignment of error is that the circuit court erred by finding that Ms. Bucklew is an heir to Margaret Swaney's estate. Mr. Swaney argues that the language of the will clearly shows that Margaret Swaney only intended for Ms. Bucklew to inherit because she was married to Mr. Swaney. He further argues that their divorce should automatically disqualify Ms. Bucklew from inheriting, just as a divorce automatically revokes the will of a testator whose sole beneficiary is the divorced spouse. *See Johnson v. Kirby*, 230 W. Va. 432, 739 S.E.2d 283 (2013); W. Va. Code § 41-1-6 (1993). Mr. Swaney alleges that to permit Ms. Bucklew to inherit under this will is contrary to public policy and is contrary to the obvious intent of the testator.

As our Supreme Court has observed, "[d]ecisions involving construction of wills always begin with the following axiom: The paramount principle in construing or giving effect to a will is that the intention of the testator prevails, unless it is contrary to some positive rule of law or principle of public policy." *Painter v. Coleman*, 211 W. Va. 451, 454, 566 S.E.2d 588, 591 (2002) (internal quotations omitted). As to the interpretation of Ms. Swaney's will, we observe that we must bear in mind two additional points of law. First, "[t]he law favors testacy over intestacy." Syl. Pt. 8, *In re Estate of Teubert,* 171 W. Va. 226, 298 S.E.2d 456 (1982). "Second, when at all possible, an attempt should be made to ascertain the meaning of a will so that it may be put into effect." *Foster v. Foster*, 196 W. Va. 341, 343, 472 S.E.2d 678, 680 (1996).

3

In West Virginia, the law regarding the divorce of the testator whose sole beneficiary is their former spouse is derived from statute, West Virginia Code § 41-1-6, and is an expression of the consequences of dissolving a marriage contract. Those circumstances and legal ramifications are not present here, where the court is simply considering whether a beneficiary of a will is married to someone other than the testator. Accordingly, the public policy concerns are not the same as those cited by Mr. Swaney.

Looking at the relevant language, we agree with the circuit court's analysis. In its order, the circuit court found that the use of the term "wife" by Margaret Swaney was "merely descriptive." Our Supreme Court of Appeals has found that terms such as "my beloved wife" are merely descriptive. *See Maynard v. Maynard*, 158 W. Va. 156, 160, 209 S.E.2d 58, 60 (1974). The circuit court further found that the bequest to Ms. Bucklew, referred to by name, indicated a personal bequest to her. Moreover, there was no conditional language employed that limited Ms. Bucklew's ability to inherit based on her marriage to Mr. Swaney. We reach the same conclusion based on these facts. While we find no West Virginia authority directly on point, the circuit court's determination is consistent with holdings in other state courts. *See*, *e.g.*, *Estate of Kelly v. Stambaugh*, 724 N.E.2d 1285 (Ill. Ct. App. 2000) (citing 80 Am.Jur.2d Wills § 1224, at 338 (1975)).

Accordingly, we find that the plain meaning of Margaret Swaney's Last Will and Testament is that she intended to make a personal bequest to Ms. Bucklew as a beneficiary of her Estate, regardless of Ms. Bucklew's marital status. As such, we affirm the circuit court's dismissal of Mr. Swaney's Complaint for Declaratory Judgment, as it appears beyond doubt that Mr. Swaney can prove no set of facts in support of his claim that would entitle him to relief.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4